UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

SONNIEL R. GIDARISINGH,

                Plaintiff,

  v.                                                 Case No. 21-cv-17-pp

JASON SONNTAG,
and JULIUS GROVER,

                Defendants.
_____

**ORDER GRANTING PLAINTIFF'S MOTIONS TO RECRUIT COUNSEL (DKT. NOS. 14, 17) AND GRANTING JOINT MOTION TO STAY CASE PENDING RECRUITMENT FOR MEDIATION (DKT. NO. 16)**
_____

      The court allowed plaintiff Sonniel R. Gidarisingh to proceed on claims against two defendants. Dkt. No. 6. The plaintiff since has asked the court to recruit a lawyer to represent him. Dkt. Nos. 14, 17. The plaintiff has provided several reasons why the court should recruit a lawyer to assist him. He says he attempted to secure an attorney on his own and even offered part of his life savings of $2,000 plus a percentage of any possible damages he received. Dkt. No. 14 at ¶3. He says this offer was not accepted. Id. He attaches the letters he sent to three attorneys and the responses he received from two of them. Dkt. No. 14-1 at 2–14. He alleges that the attorneys for the defendants are "making discovery very difficult" by "feigning knowledge of incidents in which they are sued" and being evasive in response to the plaintiff's interrogatories. Dkt. No. 14 at ¶¶4–5. He says he had two surgeries scheduled for the end of September 2021 for a broken nose and hernia, which he believed would "seriously affect

[him] from litigating an opposition motion to any summary judgment motion Defendant's attorney will certainly file." Id. at ¶12. The plaintiff alleges he also suffers from post-traumatic stress disorder, which causes him to experience flashbacks to violent childhood events and left him "crippled in his left hand." Id. at ¶13.

Before the court had a chance to rule on the plaintiff's first motion for appointment of counsel, the parties jointly moved to stay the deadlines and refer the case to a magistrate judge for mediation. Dkt. No. 16. The parties express their "desire to attempt to resolve this case through mediation." Id. at 1. The plaintiff still wants a lawyer to assist him, and he filed a second motion asking the court to recruit him an attorney for mediation. dkt. No. 17. The defendants do not oppose the plaintiff's request. Dkt. No. 16 at 1.

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case,

does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chicago Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

In particular, the lawyers' responses may have bearing on the court's decision to exercise its discretion because they may shed light on whether the plaintiff's attempts to hire counsel were reasonable. Pickett, 930 F.3d at 871. In deciding whether to recruit counsel, the court should consider the reasons the lawyer declined representation, including whether the plaintiff was unwilling (as opposed to unable) to pay a retainer; whether the lawyer lacked time or capacity to take on new clients; or whether the subject matter of the case requires a lawyer who specializes in a specific area of law. Id. The court should also consider how well the plaintiff articulated his case to the prospective lawyer. Id. Where a plaintiff "conveyed his situation well and counsel deemed the claim feeble, then it would be inappropriate for a court to intervene" and recruit counsel. Id. But, where a plaintiff is inarticulate, then a court "may have a useful role to play in recruiting counsel." Id.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490–91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

In the interest of trying to resolve the case efficiently, the court will grant the plaintiff's motion for appointment of counsel and will grant the parties' joint motion to stay the case. The court will attempt to recruit counsel to represent the plaintiff, but will recruit a lawyer only for the limited purpose of assisting the plaintiff in the mediation proceedings. The recruited attorney will have no obligation to continue to represent the plaintiff if mediation proceedings are

unsuccessful (although he or she may choose to do so). Once the court finds an attorney able to represent the plaintiff, it will enter an order referring the case to a magistrate judge to conduct the mediation. If the parties do not reach a settlement, the court will enter new deadlines for discovery and dispositive motions.

The court **GRANTS** the plaintiff's motion to recruit counsel. Dkt. Nos. 14, 17.

The court **GRANTS** the parties' joint motion to stay the case. Dkt. No. 16.

The court will attempt to recruit an attorney to represent the plaintiff in mediation proceedings. Once the court has found a willing volunteer, the court will enter an order referring the case to a magistrate judge for mediation.

Dated in Milwaukee, Wisconsin this 10th day of November, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
